IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., DOE 1, BY DOE 1'S NEXT OF FRIEND AND PARENT, MARIE SCHAUB, WHO ALSO SUES ON HER OWN BEHALF, DOE 2, BY DOE 2'S NEXT OF FRIEND AND PARENT DOE 3, WHO ALSO SUES ON DOE'S OWN BEHALF, | C.A. No. 12-01319 |
| Plaintiffs, | |
| vs. | JURY TRIAL DEMANDED |
| NEW KENSINGTON-ARNOLD SCHOOL DISTRICT, | |
| Defendant. | |

## MOTION TO STRIKE AND OPPOSITION TO MOTON FOR PROTECTIVE ORDER

Defendant, the New Kensington-Arnold School District, by and through its attorneys, Anthony G. Sanchez, Esquire, Amie A. Thompson, Esquire and the law firm of Andrews & Price, file the following Motion to Strike and Opposition to Motion for Protective Order averring as follows:

1. On November 19, 2012, the undersigned counsel informed Plaintiffs' counsel that the District would not oppose Plaintiffs' request to use pseudonyms in this matter. (A copy of e-mail confirmation is attached as Exhibit 1).

2. On November 21, 2012, Plaintiff filed a consented motion for leave to proceed using pseudonyms and for protective order as well as a corresponding brief.

3. At no time prior to filing these pleadings did Plaintiff share the proposed language for the protective order with the undersigned counsel.

1

4. At no time did prior to filing these pleadings did Plaintiff indicate to the undersigned counsel that Plaintiff would include immaterial and inflammatory allegations pertaining to the alleged actions of third parties who are not officials or final policy makers of the District and are not before this Court. (Such allegations are presented in Section II B of Plaintiff's Memorandum).

5. At the time of the filing of their pleadings on November 21, 2012, Plaintiff was on notice of the District's opposition to the presentation of such immaterial and inflammatory allegations to the Court and public in general.

6. The District sought to strike the immaterial, impertinent and scandalous allegations by way of a motion to dismiss and motion to strike filed with this Court on November 16, 2012.

7. Thus, five days after receiving the District's motion to strike and two days after receiving the District's consent to use pseudonyms, Plaintiff filed a motion reflecting the District's consent but including these objectionable contentions notwithstanding possessing knowledge concerning the District's stated disapproval of the same.

8. Moreover, Plaintiff attached documents to the pleadings that reflect these objectionable contentions.

9. The inclusion of the immaterial and inflammatory allegations pertaining to the alleged actions of third parties who are not officials or final policy makers of the District (as well as the attached documents reflecting the same) was unnecessary as the District consented to Plaintiff proceeding with the use of pseudonyms.

10. Federal Rule of Civil Procedure 12(f) provides that "[this] court may strike from a pleading . . . any redundant, impertinent, or scandalous matter."

11. "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." McInerney v. Moyer Lumber & Hardware, Inc., 244 F.Supp.2d 393, 402 (E.D. Pa. 2002).

12. "Rule 12(f) allows the court to ensure that spurious issues will not pollute the trial." U.S. v. 0.28 Acre of Land, 2009 WL 4408194, *2 (W.D. Pa. 2009).

13. "Impertinent" matter consists of statements that do not pertain, and are not necessary, to the issues in question. Conklin v. Anthou, 2011 WL 1303299, *1 (M.D. Pa. 2011) (citations omitted).

14. Permitting the inclusion of the immaterial and inflammatory allegations contained in Section II. B. of Plaintiffs' brief as well as the related attachments is unnecessary as the District has not opposed but actually consented to Plaintiff proceeding with the use of pseudonyms.

15. As this matter has garnered significant publicity, the inclusion of the immaterial and inflammatory allegations as well as the related attachments creates spurious issues that could potentially pollute a future trial.

16. The consideration of these immaterial and inflammatory allegations as well as the related attachments is not necessary for this Court to permit Plaintiff to proceed with the use of pseudonyms.

17. Additionally, the District asks this Court to strike the proposed protective order as the same was not reviewed or considered by the undersigned counsel prior to the filing of Plaintiff's motion and brief.

18.     Initially, for instance, Plaintiff's repeated reference and proposed involvement of the solicitor is improper as the solicitor is not charged with the defense of this matter – the undersigned counsel is the not the District's solicitor.

WHEREFORE, Defendant respectfully requests this Honorable Court grant Defendant's Motion to Strike and Opposition to Motion for Protective Order.

    Respectfully submitted,

    ANDREWS & PRICE

    By:    /s/ Anthony G. Sanchez
           Anthony G. Sanchez, Esquire
           PA I.D. #55945
           /s/ Amie A. Thompson
           Amie A. Thompson, Esquire
           P.A. I.D. #309345
           Firm #549
           1500 Ardmore Boulevard
           Suite 506
           Pittsburgh, PA  15221
           (412) 243-9700

           Attorneys for the Defendant