## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., DOE 1, by DOE 1's next friend and parent, MARIE SCHAUB, who also sues on her own behalf, DOE 2, by Doe 2's next friend and parent DOE 3, who also sues on Doe 3's own behalf.<br><br>　　　　　　　　Plaintiffs,<br>　　　vs.<br><br>NEW KENSINGTON-ARNOLD SCHOOL DISTRICT,<br><br>　　　　　　　　Defendant. | Civil Action No. 2:12-cv-01319-TFM |

### PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE

AND NOW come the Plaintiffs, Freedom From Religion Foundation, Inc. ("FFRF"); Marie Schaub; Doe 1; Doe 2; and Doe 3 by and through their attorneys, Marcus B. Schneider, Esquire and Steele Schneider, and pursuant to the November 30, 2012 Order of Court, submit the following Response in Opposition to Defendant's Motion to Strike, each numbered paragraph hereof being responsive to the like-numbered paragraph of Defendant's Motion, and in support thereof aver as follows:

1. Admitted.

2. Admitted

3. Denied. Plaintiffs shared the proposed language for the protective order with defense counsel on October 29, 2012. (A copy of e-mail confirmation is attached as Exhibit "A").

1

4. Denied. Plaintiffs shared the proposed language of Plaintiff's Memorandum in Support with defense counsel on October 29, 2012, which contains the averments and allegations that Defendant has sought to strike in its Motion to Strike. Exhibit A.

5. Denied as stated. To the extent that Plaintiffs were on notice of anything, Plaintiffs were only on notice of Defendant's opposition to the presentation of the specific averments contained in the Complaint, which Defendant is seeking to strike by its filing of a Motion to Strike portions of the Complaint. Defendant's opposition to the inclusion of the particular averments in the Complaint must be based upon those averments being immaterial or impertinent *to the Complaint*.

6. Admitted that Defendant filed a Motion to Dismiss and Motion to Strike; denied that the averments are immaterial, impertinent, and/or scandalous.

7. Denied as stated. By way of further response, see Paragraph 5.

8. Admitted that Plaintiffs attached documents to her Motion for Leave and Memorandum in Support thereof; denied that the documents contain objectionable contentions.

9. Denied. Consent of an opposing party alone does not provide a sufficient basis for a court to grant a request to proceed pseudonymously. *Doe ex rel. Doe v. Elmbrok School Dist.*, 658 F.3d 710, 721-722 (7th Cir. 2011) (holding that although the School "District, for strategic reasons, did not oppose Does' motion . . . [nevertheless], *the district court had 'an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts*" and that "[t]he court always has the independent duty

to consider *the public interest* in knowing fully the work of the courts.") (internal citations omitted) (emphasis added), *vacated, Doe ex rel. Doe v. Elmbrook School Dist.*, 687 F.3d 840, 842-843 (7th Cir. 2012) (adopting opinion on justiciability and anonymity); *see also Elmbrook School*, 658 F.3d at 722 (stating that "although a district court's granting of an unopposed motion to litigate anonymously without an accompanying explanation 'was entirely understandable given the absence of objection and the sensitivity of psychiatric records, ... the privilege of suing or defending under a fictitious name should not be granted automatically even if the opposing party does not object'") (citing *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997)).

As in the Seventh Circuit, the Third Circuit also requires consideration of the *public interest* in public identification of plaintiffs in determining whether to allow anonymous litigation. *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (citing *Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997). Anonymous litigation is only permitted where a plaintiff demonstrates a fear of severe harm and that the fear is reasonable, *Megless*, 654 F.3d at 408, and in order to determine whether a Plaintiff has demonstrated a reasonable fear of severe harm, courts consider a number of different factors. *Id.* at 409. The factors to be considered include consideration of the public interest, which is something that cannot be determined merely by looking to whether a defendant consents to a plaintiff's proceeding anonymously.

Although Defendant does not specifically identify the "allegations" that it deems to be worthy of being striken under Federal Rule of Civil Procedure 12(f),

the entirety of the material included in Plaintiffs' Motion for Leave and Memorandum in Support thereof is necessary for Plaintiffs to meet their burden in order to proceed anonymously. *See Megless*, 654 F.3d at 409 (stating that the "*bases upon which disclosure is feared or sought to be avoided*" constitute one of the factors to be considered by the court) (emphasis added). Inclusion of the comments and actions of members of the local community that have caused a reasonable fear of severe harm in the Plaintiffs are essential to Plaintiffs' Motion for Leave because they are the primary "bases upon which disclosure is feared" by the Doe Plaintiffs. Moreover, the type of information included by Plaintiffs in their Memorandum in Support (public comments, written comments in local newspapers, and online comments) is entirely reasonable for demonstrating the bases for Plaintiffs' fears. *See Elmbrook School District*, 658 F.3d at 723-734 (where plaintiffs' motion was supported by signed declarations of the plaintiffs and comments posted in an online community).

10. Admitted.
11. Admitted.
12. Admitted.
13. Admitted.
14. Denied. By way of further response, see Paragraph 9. By way of further response, Motions to strike are generally disfavored and should only be granted when it is clear that the allegations "have no possible relation to the controversy and may cause prejudice to one of the parties." *Dilmore v. Alion Science and Technology Corp.*, 2011 WL 2690367 at *3 (W.D. Pa. July 11, 2011). As discussed in

Paragraph 9, *supra*, all of the averments and evidence included in Plaintiffs' Motion for Leave are not only related to but are essential to Plaintiffs' request to proceed with the use of pseudonyms. Defendant is seeking to strike the very content of the Motion for Leave that entitles Plaintiffs to the requested relief. By way of further response, see Paragraph 15 -- the prejudice to Defendant in the instant case is unclear given the fact that the Plaintiffs are not entitled to a jury trial. Furthermore, as Defendant has indicated, the statements included in the Motion for Leave are those of third parties and are not statements that can be attributed to the District in any way that would prejudice Defendant.

15. Denied. The Plaintiffs have not requested (nor can they request) a jury trial based upon the relief sought. There need not be any concern regarding the pollution of a future jury trial. Furthermore, the materials included are necessary for the Plaintiffs' to obtain the requested relief and are not immaterial and inflammatory.

16. Denied. By way of further response, see Paragraph 9.

17. The relief requested in Paragraph 17 is now moot based upon the Court's November 30, 2012 Order and the parties' Joint Motion for Protective Order.

Respectfully submitted,

*/s/ Marcus B. Schneider, Esquire*
Marcus B. Schneider, Esquire
PA I.D. No.208421
STEELE SCHNEIDER
428 Forbes Avenue, Suite 900
Pittsburgh, PA 15219
(412) 235-7682
(412) 235-7693/facsimile
mschneider@steeleschneider.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2012, the foregoing **PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO STRIKE** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic case filing system and constitutes service of this filing under Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure. Parties may access this filing through the Court's ECF system.

Anthony G. Sanchez, Esquire
Amie A. Thompson, Esquire
ANDREWS & PRICE
1500 Ardmore Boulevard
Pittsburgh, PA 15221

*/s/ Marcus B. Schneider, Esquire*
Marcus B. Schneider, Esquire