**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **FREEDOM FROM RELIGION FOUNDATION, INC., DOE 1** *by DOE 1's next friend and parent, MARIE SCHAUB*, **MARIE SCHAUB** *who also sues on her own behalf*, **DOE 2** *by Doe 2's next friend and parent DOE and* **DOE 3** *who also sues on Doe 3's own behalf* **Plaintiffs,** v **NEW KENSINGTON-ARNOLD SCHOOL DISTRICT,** **Defendant.** | ) ) ) ) **2:12-cv-1319** ) ) ) ) ) ) ) ) |

## MEMORANDUM OPINION AND ORDER OF COURT

Plaintiffs initiated this action on September 14, 2012 by the filing of a one-count complaint in which they seek a declaration that a monument of the Ten Commandments at Valley High School is unconstitutional and request an injunction directing the New Kensington-Arnold School District to remove the statue from its property. On November 11, 2012, Plaintiffs filed a CONSENT MOTION TO PROCEED USING PSEUDONYMS AND FOR PROTECTIVE ORDER (Doc. No. 11) with brief in support (Doc. No. 12).

On November 29, 2012, Defendant filed the now-pending MOTION TO STRIKE (Doc. No. 13)[1] in which it objects to the numerous screenshots from Facebook pages, local news stories, e-mail messages to Plaintiffs' counsel, and affidavits from the parents of the named Does that Plaintiffs appended in support of their motion to proceed pseudonymously. According to Defendant, "[t]he inclusion of the immaterial and inflammatory allegations pertaining to the alleged actions of third parties who are not officials or final policy makers of the District . . . was

---

1. Defendant's Motion to Strike also contained its opposition to the Motion for Protective Order. However, by way of a jointly attended telephone call, counsel for both sides informed this Court that they no longer disputed the protective order, and would file a joint motion regarding same. However, as of the date of this Order, no such filing has been received.

unnecessary as the District consented to Plaintiff proceeding with the use of pseudonyms." (Doc. No. 13 at 2).

By Order of Court dated November 30, 2012 (Doc. No. 14), Plaintiffs' unopposed motion was granted in part and they were permitted to proceed pseudonymously. The Court did not address the motion to strike in its order.

Plaintiffs filed a response in opposition to the motion to strike on December 6, 2012 in which it advances the position that consent alone is an insufficient basis for a court to grant a request to proceed pseudonymously, and therefore, attaching the challenged information was entirely reasonable. The Court agrees and will vacate the November 30, 2012 Order to more fully address these two issues together. Accordingly, the Court will reconsider Plaintiffs' earlier request to proceed pseudonymously independent of the unopposed nature of the motion and will address the merits of Defendant's pending motion, as it is ripe for disposition.

## Background

Generally speaking, the attached exhibits take two forms. First, the numerous screenshots from Facebook pages, local news stories, and e-mail messages to Plaintiffs' counsel are apparently the views of some members of the local community with regard to this lawsuit as they have chosen to memorialize in electronic mediums. The speech expressed therein, as the Court reads the statements, ranges widely from angered threats and crass rhetorical flourishes to dispassionate reasoning and thoughtful analysis. Second, the sworn affidavits from Marie Schaub, Doe 3, Marcus Schneider, and Patrick Elliot in support of the motion recite portions of those statements and communicate their concerns should their identities become public. The positions taken by the parties oppose each other, and they debate the significance of the exhibits.

In sum, Defendant considers the material contained in and attached to the memorandum "immaterial and inflammatory allegations" and submits that the Court should strike the filing pursuant to Federal Rule of Civil Procedure 12(f).  Defendant further notes that Plaintiffs were on notice of its objection to the inclusion of such matter in the public record, as it previously filed a motion to strike similar allegations from the complaint.  According to Defendant, Plaintiffs' use of such immaterial and inflammatory material in the public record may pollute a future trial and likewise is unnecessary for this Court to consider when deciding whether Plaintiffs may proceed pseudonymously.

Plaintiffs advance the argument that a district court has an independent duty to determine whether exceptional circumstances (*e.g.*, a reasonable fear of severe harm) and the public interest justify anonymous litigation such that they were reasonably compelled to include the exhibits to meet their burden.  Plaintiffs also highlight that Defendant will suffer little prejudice should the Court deny its motion because the relief sought does not entitle them to a jury trial such that permitting the challenged information to remain on the public docket will not taint any potential venire.

To be sure, neither party disputes the use of pseudonyms in this case.  However, as discussed in greater detail below, the Court must address the matter of anonymous litigation, an issue to which it now turns.

## Analysis

While Federal Rule of Civil Procedure 10(a) requires that complaints "must name all the parties," courts have allowed a litigant to proceed anonymously in exceptional cases.  *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011), *cert. denied*, 132 S. Ct. 1543 (2012) (citing *Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 371 n.2 (3d Cir. 2008)).  To make this showing, a

plaintiff must demonstrate "'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'"  *Id.* (quoting *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010)).  The fear that one may suffer embarrassment or economic harm will not suffice.  *Id.*

Recently, the United States Court of Appeals for the Third Circuit addressed this issue directly when it endorsed the now-familiar balancing test from *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997), which set forth a list of factors that must be weighed when deciding a plaintiff's request to precede pseudonymously.  *Id.* at 408-10; *see id.* at 410 ("As district courts have been able to apply the *Provident Life* test and it does not conflict with the tests that have been adopted by our sister circuits, we see no value in upsetting its application.") (citations omitted).  Our court of appeals had never before provided explicit guidance on this issue.  *Id.* at 409 ("Courts within our circuit have been balancing these competing interests for the last fifteen years without our guidance.") (citation omitted).

Nevertheless, the court of appeals did not modify *Provident Life* factors when it endorsed the balancing test.  *Id.* at 410.  Those factors in favor of anonymous litigation include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Id.* at 409 (citation and quotation marks omitted).  Those factors weighing against anonymity in favor of the traditional rule of openness include:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as

a public figure, or otherwise, there is a particularly strong interest in knowing the
litigant's identities, beyond the public's interest which is normally obtained; and
(3) whether the opposition to pseudonym by counsel, the public, or the press is
illegitimately motivated.

*Id.* at 409 (citation and quotation marks omitted).   Neither list is exhaustive, and district courts

"will always be required to consider those other factors which the facts of the particular case

implicated."  *Id.* (citation omitted).

        Although not expressly addressed in *Megless*, the standards in other circuits illustrate that

district courts have "an independent duty to determine whether 'exceptional circumstances'

warrant a departure from the normal method of proceeding" in federal litigation.  *Doe v. City of
Chicago*, 360 F.3d 667, 669 (7th Cir. 2004) (citation omitted).  Where, as here, a litigant files an

unopposed motion to proceed pseudonymously, that alone may not be sufficient justification to

permit anonymous litigation, as the Court cannot weigh the factors by only looking to whether a

defendant mutually consents.

        An independent consideration of these factors lead the Court to conclude that this

particular case necessitates that the Plaintiffs presently designated as "Doe" may continue to

proceed anonymously with the use of pseudonyms.  As an initial matter, the identity of the Doe

litigants has been kept confidential throughout this entire process and the only named party has

submitted a sworn declaration that her decision to be identified has resulted in threats and

harassment.   A number of the threats referenced in her affidavit have extended beyond *ad

hominem* rhetoric, although they certainly appear, to include threats of violence and ostracism.

The Doe litigants, two of whom are students in the School District, now advance their request to

proceed pseudonymously based on their desire to avoid receiving similar treatment.

        The Court finds that this basis upon which the Does fear disclosure is substantial and that

there is a substantial public interest in ensuring that litigants not face such retribution in their

attempt to seek redress for what they view as a Constitutional violation, a pure legal issue. There is no record evidence that the parties are seeking to sue pseudonymously for any other reason than stated or have any illegitimate ulterior motives been alleged or shown.

The factors militating against the use of pseudonyms are relatively weak in comparison to the heavy weight of those supporting its use. On the other side of the scale, only one factor is against the use of anonymous litigation: the public's general interest in having access to the identity of litigants. However, the issue in this case does not turn on the identity of the Plaintiff, and at this juncture, the Court does not see how denying Plaintiffs' request will interfere with the public's right to follow the proceedings, which will be kept open to the public while maintaining the confidentiality of the Does' identities. The Doe Plaintiffs are not public figures and the District neither objects nor offers evidence that granting the request would in any way create some undue hardship. Therefore, the single interest disfavoring anonymity does not outweigh the strength of the many factors that support Plaintiffs' request.

Accordingly, the Court will permit Plaintiffs to proceed in the instant case using the pseudonyms "Doe 1", "Doe 2" and "Doe 3" as reflected in the Complaint and original caption of the action. The only question that remains is whether to grant Defendant's request that the Court strike the very information it has relied upon.

Federal Rule of Civil Procedure 12(f) permits that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." By its plain language Rule 12(f) applies to pleadings, and, "motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike." *Walthour v. Tennis*, 3:CV-06-0086, 2008 WL 318386, at *8 (M.D. Pa. Feb. 4, 2008) (citing 2 Moore's Fed'l Practice, § 12.37 (Matthew Bender 3d ed.)) (quotation marks and citation omitted); *see* The Late CHARLES ALAN

Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus 5C Fed. Federal Practice and Procedure § 1380 (3d ed. 2004) ("Rule 12(f) motions only may be directed towards pleadings as defined by Rule 7(a); thus motions, affidavits, briefs, and other documents outside of the pleadings are not subject to Rule 12(f).").

Here, Defendant seeks to strike material not properly subject to a Rule 12(f) motion, including affidavits and the material upon which they rely.  This information is beyond the reach of a properly filed motion to strike.  Accordingly, the Court will deny its request at this time.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **FREEDOM FROM RELIGION FOUNDATION, INC., DOE 1** *by DOE 's next friend and parent, MARIE SCHAUB,* **MARIE SCHAUB** *who also sues on her own behalf,* **DOE 2** *by Doe 2's next friend and parent DOE and* **DOE 3** *who also sues on Doe 3's own behalf*<br>**Plaintiffs,**<br><br>**v**<br>**NEW KENSINGTON-ARNOLD SCHOOL DISTRICT,**<br>**Defendant.** | )<br>)<br>)<br>)   **2:12-cv-1319**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER OF COURT**

AND NOW, this 19th day of December 2012, as more fully set forth in the foregoing

Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** as follows:

(1) the November 30, 2012 Order of Court dated is hereby **VACATED**;

(2) the CONSENT MOTION TO PROCEED USING PSEUDONYMS AND FOR PROTECTIVE ORDER (Doc. No. 11), filed by Plaintiffs Freedom From Religion Foundation, Inc., Doe 1, Marie Schaub, Doe 2, and Doe 3 is **GRANTED IN PART**; and

(3) the MOTION TO STRIKE (Doc. No. 13), filed by Defendant New Kensington-Arnold School District, is **DENIED**.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc:   **Marcus B. Schneider, Esquire**
Email: marc.steelelawoffice@gmail.com

**Amie A. Thompson, Esquire**
Email: AThompson@andrewsandprice.com
**Anthony G. Sanchez, Esquire**
Email: asanchez@andrewsandprice.com