THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| FREEDOM FROM RELIGION FOUNDATION, INC., DOE 1, by DOE 1's next friend and parent, MARIE SCHAUB, who also sues on her own behalf, DOE 2, by Doe 2's next friend and parent DOE 3, who also sues on Doe 3's own behalf.<br><br>      Plaintiffs,<br>  vs.<br><br>NEW KENSINGTON-ARNOLD SCHOOL DISTRICT,<br><br>      Defendant. | : : : : : : : : : : : : : : : : : | Civil Action No. 2:12-cv-01319-TFM |

**<u>MOTION FOR PROTECTIVE ORDER</u>**

AND NOW come the Plaintiffs, Freedom From Religion Foundation, Inc. ("FFRF"); Marie Schaub; Doe 1; Doe 2; and Doe 3 by and through their attorneys, Marcus B. Schneider, Esquire and Steele Schneider, and file the within Motion for Protective Order:

1. Plaintiffs filed a Motion for Leave to Proceed Using Pseudonyms and for Protective Order on November 21, 2012.

2. On November 30, 2012, this Honorable Court entered an Order of Court granting Plaintiffs' request to proceed in the instant case using the pseudonyms "Doe 1", "Doe 2" and "Doe 3" as used in the Complaint and original caption of the case.

3. The Order denied without prejudice the accompanying Protective Order pending further consideration by counsel for the parties and the Court.

4. Counsel for the parties conferred regarding the language of a Protective Order governing the disclosure of identifying information of the pseudonymous Plaintiffs and were unable to agree upon the terms of the same.

5. At the Rule 16 Conference of the parties, the Court ordered each party to file its own proposed protective order regarding the handling of identifying information.

6. Plaintiffs have filed a Proposed Protective Order and a Memorandum of Law in Support of this Motion for Protective Order simultaneously with the filing of this motion.

7. The Protective Order is designed to allow Defendant the opportunity to disclose identifying information to the extent necessary for the Defendant to adequately defend the case, while also adequately protecting the identities of the Doe Plaintiffs.

8. The Protective Order establishes procedure and protocol covering the production of any and all potentially identifying information by Plaintiffs and for the handling of any and all produced identifying information by Defendant.

9. Pursuant to the Plaintiffs' Proposed Protective Order, Plaintiffs shall release identifying information to Defendant's counsel with the understanding that Defendant's counsel shall keep such information strictly confidential except as otherwise provided by the Proposed Protective Order.

10. Pursuant to the Plaintiffs' Proposed Protective Order, Defendant's counsel may share identifying information with members of its staff as is necessary to defend the case. Defendant's counsel may also share identifying information with a selected

guidance counselor from Valley High School for purposes of verifying that the Plaintiffs are enrolled in the District.

11. In the event that Defendant determines that it is necessary to make additional disclosure of identifying information, Defendant shall confer with Plaintiff in an effort to agree upon such disclosure but may request that the Court modify the Proposed Protective Order to the extent necessary to allow for additional disclosure of identifying information.

12. Upon conclusion of the case, Defendant's counsel and all other recipients of identifying information shall provide an affidavit to Plaintiffs' counsel certifying that all documentation revealing identifying information has been destroyed.

13. The adoption of Plaintiffs' Proposed Protective Order, including these restrictions on Defendant's counsel's handling of identifying information, is necessary to protect the Plaintiffs from the reasonable threat of severe harm recognized by this Court in the granting of Plaintiffs' Motion for Leave to Proceed Using Pseudonyms and is supported by Federal Rule of Civil Procedure 26(c).

14. The type of "umbrella" protective order proposed by Plaintiffs in the Proposed Protective Order is supported by the fact that "[t]his is not a case that will be determined by plaintiff's credibility or recitation of facts. Rather, as long as [Plaintiffs have] standing to sue, this case will depend on the resolution of a legal question: Does the display of the Ten Commandments in the county courthouse violate the Constitution?" *See Dow v. Barrow County, Ga.*, 219 F.R.D. 189, 194 (N.D. Ga. 2003).

15. The wide-ranging latitude with respect to the handling of identifying information which has been requested by Defendant's counsel in its correspondence with Plaintiff's counsel is unlikely to lead to relevant information and poses a great risk of jeopardizing the Plaintiffs' anonymous status in this case. As such, the Court should deny Defendant's proposed protective order and adopt Plaintiffs' Proposed Protective Order pursuant to principles of proportionality as set forth by Federal Rule of Civil Procedure 26(b)(2)(C).

WHEREFORE, Plaintiffs respectfully request this Honorable Court grant their Motion for Protective Order and adopt the Proposed Protective Order.

Respectfully submitted,

*/s/ Marcus B. Schneider, Esquire*
Marcus B. Schneider, Esquire
PA I.D. No. 208421
STEELE SCHNEIDER
428 Forbes Avenue, Suite 900
Pittsburgh, PA 15219
(412) 235-7682
(412) 235-7693/facsimile
mschneider@steeleschneider.com
*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 22, 2013, the foregoing **PLAINTIFFS' MOTION FOR PROTECTIVE ORDER** was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic case filing system and constitutes service of this filing under Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure.  Parties may access this filing through the Court's ECF system.

                                       */s/ Marcus B. Schneider, Esquire*
                                       Marcus B. Schneider, Esquire