THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., DOE 1, by DOE 1's next friend and parent, MARIE SCHAUB, who also sues on her own behalf, DOE 2, by Doe 2's next friend and parent DOE 3, who also sues on Doe 3's own behalf.<br><br>Plaintiffs,<br>vs.<br><br>NEW KENSINGTON-ARNOLD SCHOOL DISTRICT,<br><br>Defendant. | : : : : : : : : : : : : : : : : | Civil Action No. 2:12-cv-01319-TFM |

**PROPOSED PROTECTIVE ORDER**

AND NOW this _____ day of _____, 2013 upon consideration of the Plaintiffs' Motion for Protective Order and Memorandum of Law in Support thereof, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiffs' production of any and all forms of "identifying information," as defined herein, shall proceed in accordance with the following Protective Order:

1. This Order governs the use of all produced identifying information that Plaintiffs may produce to Defendant in response to informal inquiry or formal discovery requests made by Defendant. This Order does not address what identifying information must be produced by Plaintiffs and deals only with the handling of any identifying information that is produced at any point by Plaintiffs.

2. For purposes of this Order, "identifying information" shall refer to any information from which the identity of Plaintiffs Doe 1, Marie Schaub, Doe 2, and Doe 3 (the "moving Plaintiffs") may be determined and shall include but not be limited to current or prior

1

names of the moving Plaintiffs or family members of the moving Plaintiffs, current or former addresses of the moving Plaintiffs or family members of the moving Plaintiffs, current or former telephone number(s) of the moving Plaintiffs or family members of the moving Plaintiffs, current or former email addresses of the moving Plaintiffs or family members of the moving Plaintiffs, and social security numbers of the moving Plaintiffs or family members of the moving Plaintiffs.

3. Any and all identifying information to be provided to Defendant by Plaintiffs shall be provided and protected as follows:

   a. Undersigned counsel for Plaintiffs ("Plaintiffs' Counsel") shall provide any identifying information directly to the undersigned litigation counsel for Defendant New Kensington-Arnold School District ("Defense Counsel").

   b. Plaintiffs' Counsel shall provide such identifying information via mail or email directed to Defense Counsel and such communication shall be clearly marked "CONFIDENTIAL -- ATTORNEY'S EYES ONLY."

   c. Upon receipt of any and all identifying information, Defense Counsel shall maintain the secrecy and confidentiality of such identifying information.

   d. Defense Counsel shall only disclose identifying information to the following individuals, under the following circumstances:

      i. To the extent necessary to allow counsel to fully and fairly represent Defendant, Defense Counsel may disclose identifying information to other attorneys, paralegals, assistants, and other support staff persons who work with Defense Counsel; and

      ii. To the extent necessary to verify, through the use of school records, that the moving Plaintiffs are enrolled in the District, Defense Counsel may disclose identifying information to a selected guidance counselor at Valley High School.

      iii. In the event that Defendant believes that it must disclose identifying information to additional persons for the purpose of discovering relevant evidence, Defendant shall make an offer of proof regarding the proposed disclosure and discovery and attempt to confer with Plaintiffs' Counsel in an effort to reach an agreement on the handling of the requested disclosure. In the event that the parties cannot reach agreement on how to handle the requested additional disclosure of identifying information, Defendant reserves the right to petition the Court for modification of this Protective Order.

    e. Prior to providing any and all identifying information to any of the individuals identified in Paragraphs 3(c)(i) and 3(c)(ii) above, Defense Counsel shall provide any such individuals with a copy of this Protective Order and confirm that (1) the individual is aware of this Protective Order and (2) he or she is subject to the terms of the Protective Order, including the requirement that identifying information be kept strictly confidential.

4. In the event that Defendant deems it necessary to file any pleadings or documents with this Honorable Court which contain or may contain identifying information, Defendant agrees that it shall file such pleadings or documents as "UNDER SEAL PURSUANT TO ORDER OF COURT."

5. Defendant agrees that it shall not present any identifying information in open court. In the event that Defendant deems it necessary to present such identifying information to the Court, Defendant agrees that it shall file request that the Court review such information *in camera*.

6. This Protective Order shall remain in full force and effect for the duration of this matter, including any appeals.

7. Upon the final conclusion of this matter, Defense Counsel and any recipient of any identifying information shall provide counsel for moving Plaintiffs with an affidavit stating that Defense Counsel or any recipient of identifying information destroyed all copies (paper or electronic) of the communications (documents or emails) containing identifying information in a manner which would make it impossible for any other person to access the data.

Respectfully submitted,

/s/ Marcus B. Schneider
Marcus B. Schneider, Esquire
PA I.D. No.208421
*Counsel for Plaintiff*

BY THE COURT:

Date: _____          _____
                                                    Terrence F. McVerry, U.S. District Judge