

## Joint Motion for Protective Order/Protective Order

**Marc Schneider** <mschneider@steeleschneider.com>  Wed, Dec 5, 2012 at 11:10 AM
To: Tony Sanchez <asanchez@andrewsandprice.com>

Tony,

See attached for a draft of a Joint Motion for Protective Order and an edited version of the previously filed Protective Order. I removed reference to the Solicitor and replaced with reference to Defense Counsel. I also removed reference to "until such time as Plaintiffs file a Motion to Proceed Pseudonymously" since such a motion has been filed and granted in part.

Please let me know if there are any issues with the language in either document. I will file when I hear back from you.

Marc

--

### STEELE SCHNEIDER

Marcus B. Schneider
Attorney at Law

Lawyers Building          PHONE: 412.235.7682
428 Forbes Ave., Suite 900   CELL: 724.902.9024
Pittsburgh, PA 15219       FAX: 412.235.7693
www.steeleschneider.com

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to which they are addressed. If you have received this email in error please notify Maureen Connell, Office Manager of Steele Schneider, at 412-235-7682. This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited. Any U.S. tax advice contained in the body of this e-mail was not intended or written to be used, and cannot be used, by the recipient for the purpose of avoiding penalties that may be imposed under the Internal Revenue Code or applicable state or local tax law provisions.

**2 attachments**

- FFRF v. NKASD - Protective Order.pdf.docx
  16K

- FFRF v. NKASD - Motion for Protective Order.docx
  16K



**EXHIBIT 1-Plaintiffs' Motion for Protective Order**      1



# Joint Motion for Protective Order/Protective Order

**Tony Sanchez** <asanchez@andrewsandprice.com>  Thu, Dec 6, 2012 at 10:39 AM
To: Marc Schneider <mschneider@steeleschneider.com>

Marc,

I have one concern and one correction. With regard to paragraph 3 d ii, I need broader language for a couple of reasons. First, I can envision circumstances beyond those relating to standing that would make it necessary for me to share the information with school personnel. Second, there may be an occasion that I need to share the information with other District personnel, particularly given the fact that the Superintendent has not been with the District for a long period of time. This could include former District personnel.

I propose the following language –

> To the extent necessary to allow counsel to fully and fairly represent Defendant, Defense Counsel may disclose identifying information to current and former District personnel.

Paragraph 3 e already provides adequate protection with regard to any such disclosures.

Finally, paragraph 7 still references the solicitor instead of defense counsel. Also, the language is a bit uneven in that it initially refers to "the solicitor and any recipient of any identifying information" and then requires an affidavit stating that the recipient of such information destroyed all identifying information. While this language is fine by me, you may want to consider the fact that identifying information may be shared with District personnel in a non-written fashion, i.e., the names of the Plaintiffs could be shared with someone for purposes of getting background information.

Thanks,

Tony

**From:** Marc Schneider [mailto:mschneider@steeleschneider.com]
**Sent:** Wednesday, December 05, 2012 11:10 AM
**To:** Tony Sanchez

EXHIBIT 1-Plaintiffs' Motion for Protective Order    2

**Subject:** Joint Motion for Protective Order/Protective Order

[Quoted text hidden]

**EXHIBIT 1-Plaintiffs' Motion for Protective Order**     **3**



## Joint Motion for Protective Order/Protective Order

**Marc Schneider** <mschneider@steeleschneider.com>  Thu, Jan 10, 2013 at 9:42 AM
To: Tony Sanchez <asanchez@andrewsandprice.com>
Bcc: Patrick Elliott <patrick@ffrf.org>

Tony,

As you might understand, my clients are very interested in the wording of any protective order, so I reviewed your proposal with them. After the review of your proposed revision, I can tell you that they are unequivocally opposed to such broad language regarding disclosures to seemingly unlimited current and former District personnel. I must say that I agree that the language seems overly broad. While I agree that paragraph 3(e), in an ideal world, is designed to ensure that anyone who receives identifying information obeys the restrictions set forth in the protective order, there is, of course, no better prophylactic for public disclosure of identifying information than limiting the number of individuals in the possession of such information.

Beyond the fears of physical harm that my clients have based upon the community reaction in New Kensington (and the reaction that they are seeing in Connellsville), my clients are also concerned about possible retaliation from district personnel. This is particular worrisome for them given the authority that various district personnel would have over their children – teachers when it comes to their children's grades and school/district administration when it comes to any student discipline issues that may arise going forward. Circumstances such as the District's new superintendent being the brother of the Board President who was so outspoken about his desire to keep the monument only heighten these concerns. The only relief that my clients can hope for is an appropriate protective order, but such a broadly worded disclosure clause does nothing to address these concerns.

I fully recognize that the District must verify the enrollment of the plaintiff students; however, I am having a difficult time seeing the other instances that you reference that would require a disclosure of identifying information to District personnel (especially former District personnel). Establishment Clause display cases are unique because the injury stems from unwelcome contact with the religious icon. Enrollment and attendance at the school confirms that the plaintiffs have unwelcome contact with the Ten Commandments monument. From there, the cases use the view of a reasonable observer, so it seems unlikely at best that any "background information" of the student Plaintiffs would be relevant to the case.

It would be helpful for me if you could provide some examples of the types of situations that you see coming up where you may need to share this information with current/form district personnel outside of those individuals necessary to confirm the enrollment of the Plaintiffs. I can accept that you may not know all scenarios where this might occur and do not expect an exhaustive list, but any examples you may be able to give will be helpful for me in discussing with my clients why it might be necessary to broaden the language that was initially proposed.

Alternatively, as a way of resolving everything to the satisfaction of my clients, perhaps we could agree upon a very limited disclosure provision with language permitting you to request additional disclosure as the specific need for such disclosure arises – in other words, start with a strict restriction but broaden as needed rather than start with the broadest language possible in anticipation of situations that *might* arise. In such a scenario, my clients' preference would be that disclosure of identifying information initially be limited to a neutral party such as the school guidance counselor(s), who should be able to verify enrollment.

I am hopeful that we can avoid involving the Court in this process, but this is something that is very important to my clients, so we are willing to do that if it proves necessary. Given the Court's approval of the Motion to Proceed using Pseudonyms and its finding that the Plaintiffs have a reasonable fear of severe harm, I have to believe that if the issue is pressed, the Court will be inclined to err on the side of caution.

**EXHIBIT 1-Plaintiffs' Motion for Protective Order**     4

Please let me know your thoughts on the foregoing. I look forward to hearing from you.

Marc

[Quoted text hidden]

**EXHIBIT 1-Plaintiffs' Motion for Protective Order** 5



## Joint Motion for Protective Order/Protective Order

**Tony Sanchez** <asanchez@andrewsandprice.com>          Wed, Feb 13, 2013 at 12:37 PM
To: Marc Schneider <mschneider@steeleschneider.com>

Marc,

I've had some time to think about the questions you've posed regarding the specifics of a protective order. While I admit our proposed language is very broad, your proposed language is unduly restrictive. I am willing to engage in a dialog in an attempt to find common ground though I can't envision anything better than the language I've proposed for paragraph 3(e).

Initially, I think that you have framed the District's concerns far too narrowly. Our needs go far beyond verifying the identities of the students. Review of the allegations outlined in your complaint demonstrates this. For example, there are allegations about:

> Doe 2 entering the school each day (complaint at 26), Doe 1 attending another school but being exposed to the monument when visiting the school (complaint at 17-30), Doe I attending the high school in 2014 (complaint at 31), Ms. Schaub viewing the monument while attending necessary business at the school (complaint at 32), Ms. Schaub viewing the monument at commanding and feeling excluded (complaint at 33), stress caused to Doe 1 and Ms. Schaub due to the existence of the monument (complaint at 34), Schaub losing sleep over the presence of the Ten Commandments (complaint at 35), Doe 3 viewing the monument to conduct necessary business at the school (complaint at 36), Doe 2 & 3 identify as now religious (complaint at 37), Plaintiffs being offended by the monument (complaint at 38), Plaintiffs perceiving the display of the monument as endorsement of religion, evidencing a favored religious view, somehow making them feel like outsiders , pressuring them to adopt the District's alleged favored religious views and usurping the religious or non-religious upbringing of their children (complaint at 39-43).

The District has the right to contest each and every one of these factual allegations. Doing so will necessitate talking with many members of the school community. I would want to talk to principals, assistant principals, guidance counselors, teachers and maybe others affiliated with the high school and the middle school. I will also need to talk with the current and former superintendent. Given the breadth of the factual allegations, it is difficult to define a finite group to be interviewed. An interview of principal A, for instance, could lead to the information making another individual pertinent.

As I'm certain you would agree, I have a right to conduct a thorough investigation in order to confirm or contest your factual contentions and defend the District in this action to the best of my ability. In

**EXHIBIT 1-Plaintiffs' Motion for Protective Order**                                          6

essence, adopting your proposed protective order would mandate that the District accept all of your factual allegations as true. Such action would limit my ability to conduct discovery greatly. How can I articulate deposition questions, for example, if I've been precluded from conducting a thorough investigation that would reveal facts pertinent to the questioning?

I am particularly disturbed by your suggestion that the District's superintendent, unnamed teachers and other unnamed District personnel should be excluded from involvement in the defense of this matter because they could somehow retaliate against your clients for filing the underlying lawsuit. The suggestion of such impropriety on the part of these individual professionals as well as by an entire educational community is insulting and there is simply no factual underpinning that supports such a proposition. Is it really your position that District administration and teachers will retaliate against your clients by issuing lower grades than the students deserve and/or by rendering unjustified or excessive discipline? When considering the District's need to defend itself in this lawsuit and your client's need for protection against retaliation, I believe that the implementation of the proposed language of paragraph 3(e) strikes the best balance. As you know, should your clients believe that they were somehow treated unfairly in relation to grades or discipline, they would be able to pursue a retaliation claim based upon the same.

In sum, while the Court has granted the motion to proceed using pseudonyms, I do not believe that this indicates that the Court will grant a motion for protective order that effectively negates the District's ability to contest factual allegations, particular when the motion is based on baseless speculation that professional educators will endeavor to injure students if they become aware of their relationship with this lawsuit. As indicated above, I believe that the your clients are best protected by the implementation of my proposed language. In any event, I look forward to hearing from you regarding the content of this correspondence and any thoughts you have regarding the same.


Tony Sanchez


**From:** Marc Schneider [mailto:mschneider@steeleschneider.com]
**Sent:** Friday, January 25, 2013 10:51 AM

[Quoted text hidden]

[Quoted text hidden]

**EXHIBIT 1-Plaintiffs' Motion for Protective Order**     7



## Joint Motion for Protective Order/Protective Order

**Marc Schneider** <mschneider@steeleschneider.com>  Thu, Feb 21, 2013 at 10:57 AM
To: Tony Sanchez <asanchez@andrewsandprice.com>

Tony,

Reading back over our emails on this protective order issue, and having reviewed your most recent email with my clients, it seems that we have very little, if any, common ground to use as a starting point for crafting a mutually agreeable order. With that in mind, if we are not able to make any progress following this email, the Plaintiffs will move forward with filing a motion for protective order with the court, setting forth our basis for requesting the language included in any proposed order.

Before revisiting our disagreement over the types of evidence that are discoverable/relevant in Establishment Clause cases, I do think it is worthwhile to briefly respond to your reaction to my clients' fears of potential retaliation by district personnel.

No where in my email did I state that I believe that district personnel <u>will</u> retaliate against the Plaintiffs if their identities are known within the district. Instead, I suggested that given the community reaction to this lawsuit, including comments by the district superintendent and Board President, my clients are (quite reasonably) fearful of this <u>possibility</u>. The community reaction was fully detailed in Plaintiff's Motion for Leave to Proceed Pseudonymously and obviously was critical to the Court granting the relief requested in that motion. I don't think that the Plaintiffs can fairly be expected to have complete confidence that there are no district employees who share in the sentiments of the overwhelming majority of the community.

In granting the motion to proceed pseudonymously, the Court held that there should be no public disclosure of identifying information. It does not seem a stretch to me to think that the Court will want to carefully restrict the disclosure of identifying information to district personnel, especially since the district is more directly affected by the litigation than the community at large. A protective order strictly limiting disclosure which allows for expansion if necessary seems to be the best way to protect the Plaintiffs. Such an approach has the added benefit of likely shielding the District from any claims regarding maltreatment or retaliation.

This is approach seems especially appropriate given the fact that we continue to feel that disclosure of identifying information to a multitude of district personnel is completely unnecessary. As I referenced in my prior email, a plaintiff in an establishment clause case need only demonstrate standing, which includes unwelcome contact with the display. The facts needed to demonstrate this are limited. For example, the 6th Circuit in *Baker v. Adams*   8

County/Ohio Valley Sch. Bd., 86 F. App'x 104, 108-109 (6th Cir. 2004) stated the following regarding standing:

> The Anonymous Plaintiff avers that during the time his/her child or children attended one of the high schools, he/she came into contact with the original Ten Commandments monument, and subsequently the new display, as a result of transporting his/her child to and from school and as parent participant or spectator at school events. Both plaintiffs claim that they pass at least one of the school buildings as part of their regular course of business in the community and that the displays are visible from the road. Plaintiffs also claim that they come into direct contact with the displays as a consequence of attending sporting events, holiday shows, and theatrical performances at the high schools. Plaintiffs allege direct and unwelcome personal contact with the Ten Commandments monument display on public school property.
> Furthermore, "this injury is plainly caused by the defendant's ... [decision] to erect the Ten Commandments and ... an injunction can redress plaintiffs' injury." Adland. 307 F.3d at 478. We therefore agree with the conclusion of the district court that **the plaintiffs' averments are sufficient to confer standing for the purposes of this lawsuit.**

Further, speaking on the issue of the use of pseudonyms in this type of litigation, the Northern District Court of Georgia, Doe v. Barrow County, Ga., 219 F.R.D. 189, 194 (N.D. Ga. 2003), held the following:

> Plaintiff will, however, have to make himself known to the court and counsel for the defense. Any proceedings necessary to determine standing, or other issues defendants wish to pursue with the plaintiff, will be conducted in a closed setting. The court notes that the inconvenience to defendants should be relatively low. **This is not a case that will be determined by plaintiff's credibility or recitation of facts. Rather, as long as plaintiff has standing to sue, this case will depend on the resolution of a legal question: Does the display of the Ten Commandments in the county courthouse violate the Constitution?** The relevant facts, including who placed the display, what is included in the display, how long it has been presented, etc., will likely come from witnesses other than the plaintiff. The legal issues, while possibly the subject of expert testimony, will be determined by the arguments of counsel. At the end of the day, plaintiff plays a relatively minor role in this litigation, and the constitutionality of the Ten Commandments display will be determined in proceedings open and accessible to all. In light of the response these issues have generated from some in the community, the court feels it appropriate to allow plaintiff to proceed under a pseudonym.

**EXHIBIT 1-Plaintiffs' Motion for Protective Order** 9

From reviewing your email, I got the impression that you would be looking to explore these immaterial areas of inquiry. Turning to the specific averments of the complaint that you referenced in your email as being areas that you will need to explore in discovery, with respect to many of these areas, it is difficult to see how discussion with district personnel will reveal anything except to potentially challenge the "credibility or recitation of facts" provided by the Plaintiffs, although I would note that even that seems like a stretch on many of these topics – I am not sure what district personnel would be able to provide on issues of Ms. Schaub viewing the monument as being commanding or exclusionary, stress caused to Ms. Schaub or Doe Plaintiffs, Ms. Schaub losing sleep, Plaintiffs being offended by the monument or perceiving the display as being violative of the law. With respect to these areas, although these facts were included in the complaint for purposes of background and to ensure that minimal pleading requirements were met, I do not believe that any of these averments will be material to an ultimate resolution of the claims (see case law above).

The other type of averments that you reference in your email relate to the Plaintiffs' contact with the monument. These types of facts are more essential to the case, although I question whether the Plaintiffs need to do anything beyond confirm in discovery that these facts that were included in the complaint are accurate (which they will). Accepting that some discovery must be done in these areas (at least in the form of discovery directed to Plaintiffs), I believe that we can see how our proposed language might be implemented if we review how discovery might unfold on these issues.

If you propound interrogatories directed to the Plaintiffs and/or conduct depositions of the Plaintiffs on the issues of their contact with the monument, you may find that each of the ways that the Plaintiffs contend they encounter the monument would be experienced by all other students or all other student parents, any inquiry to district personnel that you feel is necessary can be done without the need to specifically identify the Plaintiffs. On the contrary, if in your discovery the Plaintiffs indicate that they have unique circumstances which place them in contact with the monument in a way that is specific to them, you may request that you be permitted to release identifying information to particular individuals for purposes of confirming this unique or specific contact. Although I expect that in all reasonable circumstances I would agree to disclosures as necessary, in the event that I would not agree, you could request such permission from the Court.

Given the fact that discovery may unfold in such a way that it would be unnecessary to disclose identifying information to anyone within the district (if Plaintiff students encounter the monument in the same way that all other students do, for example), it seems that we ought to take a cautious approach to start. I think that establishment clause case law supports this approach and highlights the possibility that plaintiff-specific inquiries may be unnecessary in these types of cases.

As I said above, if this email does help to move use closer to an agreement on a protective order, the Plaintiffs feel strongly about the need to keep disclosures as limited as possible and are prepared to litigate this issue with the court to ensure such protections.

**EXHIBIT 1-Plaintiffs' Motion for Protective Order**     **10**

Please let me know your thoughts when you have had a chance to review. If you are not agreeable to our proposed language we will move forward with the filing of a motion for protective order setting forth these issues. If you have any questions feel free to give me a call.

Regards,

Marc

[Quoted text hidden]