UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

FILED

2001 OCT 23 A 8:38

U.S. DISTRICT COURT
EASTERN DIST. TENN.

BY_____ D.P. CLERK

JOHN DOE, Individually; MARY ROE, )
Individually and as natural Mother of A. ROE, )
B. ROE and C. ROE, her minor daughters; )
and FREEDOM FROM RELIGION )
FOUNDATION, INC., )
 )
    *Plaintiffs*, )
 )
v. ) No. 1:01-cv-115
 ) *Edgar / Powers*
SUE PORTER, Individually, and as )
Superintendent of the Rhea County School )
System; RHEA COUNTY BOARD OF )
EDUCATION; JIMMY WILEY, Individually, )
and as County Executive for Rhea County, )
Tennessee; and RHEA COUNTY, TENNESSEE, )
 )
    *Defendants*. )

## MEMORANDUM AND ORDER

On August 30, 2001, plaintiffs made a motion for protective order. [Court File No. 16]. With the exception of the Freedom From Religion Foundation, Inc., the individual plaintiffs seek to be allowed to use pseudonyms to protect their true names and identities from public disclosure. Plaintiffs have tendered a proposed protective order. Defendants oppose the motion. On September 27, 2001, United States Magistrate Judge John Y. Powers rendered a report pursuant to 28 U.S.C. § 636(b)(1) recommending that the plaintiffs' motion for protective order be granted. [Court File No. 30]. Defendants have filed objections to the Magistrate Judge's report and recommendation. [Court File No. 33].

-1-

**EXHIBIT 2-Plaintiffs' Motion for Protective Order**

The Court has reviewed the record *de novo* and the defendants' objections are DENIED. The Court agrees with and accepts the Magistrate Judge's report and recommendation with two caveats: (1) a protective order will be entered but not in the precise form and language of the proposed protective order tendered by the plaintiffs; and (2) the plaintiffs may use pseudonyms and have their identities protected pending further order of the Court, but the Court reserves the right to reconsider in the event it should become necessary for the plaintiffs' claims to be adjudicated at a public trial. After meeting with counsel at the scheduling conference on July 31, 2001, it is the Court's understanding that this entire action can probably be decided on summary judgment motions pursuant to FED. R. CIV. P. 56 without a trial. If there are no genuine issues of material fact in dispute, a trial would not be necessary.

The Court follows the decision reached in *Doe v. Harlan County School Dist.*, 96 F. Supp.2d 667, 670-71 (E.D.Ky 2000). As a general rule, civil complaints filed in federal district court must state the names of all parties. FED. R. CIV. P. 10(a). Federal courts, however, recognize there are exceptions to the rule and permit plaintiffs to use pseudonyms in extraordinary circumstances where justice so requires. There are several factors which must be balanced to determine whether a plaintiffs' privacy interest substantially outweighs the presumption of open judicial proceedings. These factors include: (1) whether the plaintiff seeking anonymity is suing to challenge governmental activity; (2) whether prosecution of the lawsuit in court will compel the plaintiff to information "of the utmost intimacy;" and (3) whether a child plaintiff is involved. *Doe v. Stegall*, 164 F.R.D. 359, 185 (5th Cir. 1981); *Harlan County School Dist.*, 96 F. Supp.2d at 670.

-2-

**EXHIBIT 2-Plaintiffs' Motion for Protective Order**

The Court finds that these factors weigh in favor of and justify the plaintiffs being allowed to use pseudonyms and proceed anonymously, at least at this stage of the litigation prior to trial. Plaintiffs are challenging governmental activity. The anonymity of the plaintiffs will not adversely affect or cause undue prejudice to the defendants during the current phase of the litigation involving discovery and Rule 56 summary judgment motions. Because of the heightened public interest in Rhea County, Tennessee, concerning the controversial religious subject matter of the plaintiffs' complaint, the Court is persuaded there is a significant danger that the plaintiffs may be subjected to harassment, retaliation, humiliation, or social ostracism if their true names are disclosed. *Id.* at 670-71.

Defendants argue the present case is distinguishable from *Harlan County School Dist.* because the plaintiffs here assert a demand for damages. The district court in *Harlan County School Dist.*, 96 F. Supp.2d at 671, observed that the plaintiffs in that case sought only an injunction, not individual damages. The defendants' argument fails on this point. In their amended complaint [Court File No. 15], plaintiffs demand relief in the form of a declaratory judgment, an injunction, nominal damages in the amount of one dollar ($1.00), and attorney's fees and expenses under 42 U.S.C. § 1988. Plaintiffs do not demand that they be awarded compensatory damages against the defendants. Instead, the plaintiffs only ask for nominal damages in the amount of $1.00 which does not make the instant action distinguishable from *Harlan County School Dist.*

Accordingly, the Court **ACCEPTS** the Magistrate Judge's report and recommendation under 28 U.S.C. § 636(b)(1) and the defendants' objections to the report [Court File No. 34] are **DENIED**. The plaintiffs' motion for protective order [Court File No. 16] is

**EXHIBIT 2-Plaintiffs' Motion for Protective Order**

GRANTED. The affidavits of plaintiffs John Doe and Mary Doe [Court File Nos. 28, 29] shall remain UNDER SEAL.

The Court enters the following PROTECTIVE ORDER. Plaintiffs shall be allowed to proceed in this civil action using the pseudonyms of John Doe, Mary Roe, A. Roe, B. Roe, and C. Roe in place of their true names. The parties shall utilize these pseudonyms for the plaintiffs at all times in any and all pleadings, motions, briefs, documents, and papers of any kind filed with the Court and Clerk of Court. If a party for any reason deems it necessary to use and include the actual, true name of an individual, non-corporate plaintiff in a filing with the Court, such filing shall be made UNDER SEAL.

The true names and identities of the plaintiffs shall be disclosed to counsel of record for the defendants. The plaintiffs' true names shall not be further disclosed to any other person except as necessary to ascertain the residency status, taxpayer status, and school enrollment status of the plaintiffs, and such disclosure beyond counsel for the defendants shall be strictly limited to those instances where it is absolutely necessary to ascertain said items of information. Each and every person to whom the true names of the plaintiffs is disclosed shall immediately and contemporaneous therewith be informed by the defendants' counsel that, under penalty of civil contempt of this order, those persons shall not make any further disclosure of the plaintiffs' true names and identities. When making disclosure pursuant to this protective order, counsel for the defendants shall provide a copy of this order to each person to whom such disclosure has been made.

Furthermore, the individual plaintiffs shall not be required or subpoenaed to appear in open court hearings in this action unless so ordered by the Court. Counsel for the parties may take testimony from the plaintiffs by deposition. All depositions, affidavits, pleadings, motions, briefs, and

-4-

**EXHIBIT 2-Plaintiffs' Motion for Protective Order**

other papers and documents of any kind filed with the Court shall refer to the plaintiffs only by their respective pseudonyms, not by their true names. In the event the Court should determine that the plaintiffs' complaint cannot be completely and finally adjudicated on summary judgment pursuant to FED. R. CIV. P. 56 and it becomes necessary to hold a trial, then the Court reserves the right to reconsider this protective order.

It is the intent of this order to preserve and protect the anonymity of the individual plaintiffs to the greatest extent possible while also affording the parties a fair, reasonable opportunity to obtain adequate facts, information, and proof necessary to address the claims and issues in this litigation. All parties shall seek direction and a determination from the Court as to any perceived ambiguity in the interpretation, application, and enforcement of this protective order prior to making a disclosure of the true identity of any individual plaintiff.

SO ORDERED.

ENTER:

R. ALLAN EDGAR
CHIEF UNITED STATES DISTRICT JUDGE

**EXHIBIT 2-Plaintiffs' Motion for Protective Order**