IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FREEDOM FROM RELIGION FOUNDATION, INC.**; **DOE 1** *by DOE 1's next friend and parent,* **MARIE SCHAUB**, *who also sues on her own behalf*; **DOE 2** *by Doe 2's next friend and parent* **DOE 3** *who also sues on Doe 3's own behalf,* | 2:12-cv-1319 |
| **Plaintiffs,** | |
| v. | |
| **NEW KENSINGTON-ARNOLD SCHOOL DISTRICT,** | |
| **Defendant.** | |

**MEMORANDUM OPINION AND ORDER OF COURT**

Pending before the Court a MOTION TO COMPEL AND FOR LEAVE TO CONDUCT ADDITIONAL DEPOSITIONS, PURSUANT TO F.R.C.P. RULES 30 AND 34 (ECF No. 37) filed by Defendant New Kensington-Arnold School District ("Defendant" or the "School District") with brief in support (ECF No. 38). Plaintiffs, Freedom from Religion Foundation, Inc., Doe 1, by Doe 1's Next of Friend and Parent Marie Schaub, who also sues on her own behalf, Doe 2, by Doe 2's Next of Friend and Parent Doe 3, who also sues on Doe's own behalf filed a response in opposition (ECF No. 39). Accordingly, the motion is ripe for disposition.

**I.   Background**

The parties, counsel, and the Court are familiar with the background of this case and, therefore, the Court will not recite the facts at length. The following is a brief recitation of the procedural history relevant to the issues presently before the Court.

On April 21, 2014, Defendant filed a Motion to Compel and for Leave to Conduct Additional Depositions in which it requests that this Court enter an Order requiring Plaintiff(s) to

make Doe 2 and Doe 3 available for depositions; to provide complete responses to its Interrogatories and Request for Production of Documents; and to grant leave so that it may conduct additional depositions upon receipt of the information it seeks. More specifically, Defendant contends that Plaintiff Schaub has improperly withheld information regarding her communications on social media networks which may be relevant to her standing to bring this lawsuit.

Plaintiffs filed a response in opposition on April 29, 2014. Plaintiffs argue that the discovery requests are disproportionate to the needs of the case and not relevant to what they view as the ultimate legal inquiry. Further, Schaub asserts that complying with the request (*i.e.*, producing the entirety of her Facebook activity log) will impose a significant burden upon her because the review process will take upwards of fifty (50) hours. Plaintiffs also ask the Court not to compel Schaub and Doe 1 to attend a second deposition should it compel the production of the discovery sought; however, they do not seek to shield Doe 2 and Doe 3 from attending an initial deposition.

**II.  Standard of Review**

Federal Rule of Civil Procedure 26 governs the scope of discovery and provides, in relevant part, that the parties are permitted to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. Fed. R. Civ. P. 26(b)(1). The inquiry is not, however, whether the material acquired will later be admissible at trial. *Id.* Information is relevant for the purpose of discovery if "the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Thus, issues relating to the

2

scope of discovery permitted under Rule 26 rest in the sound discretion of the Court, *Wisniewski v. Johns–Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987), and a court's decision regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion, *Marroquin–Manriquez v. I .N.S.*, 699 F.2d 129, 134 (3d Cir. 1983).

### III. Discussion

Defendant seeks to compel the following in its motion: (1) the depositions of Doe 2 and 3; (2) complete responses to its First Set of Interrogatories and Requests for Production of Documents, including responses and documents related to Interrogatory Nos. 4, 10, 11 and 12 in which it seeks information allegedly present on Schaub's social media accounts that relates to this case; and (3) the reopening / continuation of the depositions of Schaub and her child, Doe 1, relative to that social media. The Court will address each issue seriatim.

### A. Depositions of Party-Plaintiffs Doe 2 & Doe 3

Federal Rule of Civil Procedure 30 provides, in relevant part, that "[a] party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45." Fed. R. Civ. P. 30(a)(1). Moreover, "[a] party has a general right to compel any person to appear at a deposition, through issuance of a subpoena if necessary." *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002).

At this point, Doe 2 and Doe 3 remain named parties in this civil action. But in its brief, the School District notes that "Plaintiff's counsel has informally advised Defendant's counsel that Doe 2 and Doe 3 wish to withdraw from the lawsuit. However, as of the date of this motion, Plaintiffs' counsel has not filed a notice to dismiss the lawsuit by Doe 2 and Doe 3 nor requested

to amend the case caption." Def.'s Br. at 2, ECF No. 38. Doe 2 and Doe 3 shall promptly notify the Court of their intention to proceed in or withdrawal from this action. Nevertheless, should they continue as named parties in this litigation, Plaintiffs offer no reason why Doe 2 and Doe 3 ought not be deposed as Defendant has requested. Therefore, the Court will grant Defendant's motion to compel the depositions of Doe 2 and 3.

### B.  Social Media Discovery

Several courts have recognized that social networking site ("SNS") content may be subject to discovery under Federal Rule of Civil Procedure 34. *See Jewell v. Aaron's, Inc.*, 1:12-CV-0563-AT, 2013 WL 3770837, at *3 (N.D. Ga. July 19, 2013) (collecting cases). As one district court has explained:

> Generally, SNS content is neither privileged nor protected by any right of privacy. *See Tompkins v. Detroit Metropolitan Airport*, 2012 WL 179320, at *2 (E.D. Mich. Jan. 18, 2012). A request for discovery must still be tailored, however, so that it "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "Otherwise, the Defendant would be allowed to engage in the proverbial fishing expedition, in the hope that there might be something of relevance in Plaintiff's [SNS] account[s]." *Tompkins*, 2012 WL 179320, at *2; *see also R.F.M.A.S., Inc. v. So*, 271 F.R.D. 13, 41 (S.D.N.Y. 2010) ("The Federal Rules require that requests for discovery . . . be focused and specific.").

*Davenport v. State Farm Mut. Auto. Ins. Co.*, 3:11-CV-632-J-JBT, 2012 WL 555759, at *1 (M.D. Fla. Feb. 21, 2012). The Court finds this approach instructive.

Notably, there is a substantial difference in scope between the information which Defendant seeks in its First Set of Interrogatories and Requests for Production of Documents and its characterization of those discovery requests in its brief. Defendant's original discovery requests asks Plaintiff(s) to provide total access to any social media accounts so that it may delve carte blanche into the non-public sections of the SNS content. For example, Interrogatory No. 12 states in relevant part as follows:

4

> Please identify the username, registration information, account detail, login information, or any other identifying information for any of the above-referenced websites, blogs, instant messaging programs, and/or web service accounts for which you maintain (or maintained), and/or for which you are (or were) registered and/or for which you are (or were) a member and/or for which you post (or have posted) an online profile or online content under your own name or a pseudonym. Please set forth the Uniform Resource Locator ("URL") for your homepage(s), and identify if your homepage(s) are restricted in any way, e.g. limited to viewing by "friends only." If your websites, blogs, instant messaging programs, and/or web service accounts are password protected or otherwise limited to viewing, please provide printed hard copy versions of each page, including first level links, URLs, and any other relevant electronic data.

Def.'s Br. at 5, ECF No. 38. Defendant's brief, on the other hand, constricts the focus to those "narrow and tailored requests for those websites in which Plaintiffs maintained an account and communicated about facts or information relating to the allegations set forth in the Complaint, any facts or defenses raised in the answer, or other topics believed relevant to this litigation, including Plaintiffs' emotional or mental state and religious or non-religious beliefs." *Id.* at 12. As Defendant argues, that information is (at the very least) reasonably calculated to lead to the discovery of admissible evidence regarding Schaub's standing to bring this lawsuit.[1]

Although the Court certainly recognizes that this request may be somewhat burdensome to Plaintiff(s), it cannot agree with their position that the information is wholly irrelevant. The Court's interest in reducing the burden and expense of discovery does not outweigh the importance of properly determining whether a party has standing. To that end, the Court will compel only that information relevant to this narrow inquiry. Accordingly, the Court will order Plaintiff(s) to produce all SNS content in which they have communicated about facts or information relating to the allegations set forth in the Complaint, any facts or defenses raised in

---

1. Defendant seizes upon what Schaub has already posted in her "public" profile to support its argument. For example, Schaub has purportedly written: "Yeah, my kids are not in the high school yet and that is where the monument is. So far they've been pretty sheltered from the issue." Def.'s Br., Ex. G, ECF No. 38-7. Schaub has also allegedly written that "[her] relative's child [*i.e.*, Doe 2's child, Doe 3] is in the high school now but mine [Doe 1] is in the middle school . . . that's why I asked them to join so they couldn't say the case isn't mature." *Id.* at Ex. H, ECF No. 38-8. *See also id.* ("[R]ight, even if they said that MY child isn't affected by having my relative who has a kid in the high school NOW, they can't stop the suit.") (emphasis in original).

the Answer, or other topics that are reasonably calculated to lead to the discovery of admissible evidence regarding their standing to bring this lawsuit

### C. Re-opening of Depositions

The Court finds that the discovery at issue was not previously produced, and the new information is relevant to perhaps a critical issue in the case. Therefore, the Court will grant Defendant leave to reopen any prior depositions on the basis of any new material produced, but the questioning shall not exceed the scope of the new materials provided or lack thereof.

### IV. Conclusion

For the reasons hereinabove stated, the Court will grant in part and deny in part the motion to compel and for leave to conduct additional depositions. An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FREEDOM FROM RELIGION FOUNDATION, INC.**; **DOE 1** *by DOE 1's next friend and parent,* **MARIE SCHAUB**, *who also sues on her own behalf*; **DOE 2** *by Doe 2's next friend and parent* **DOE 3** *who also sues on Doe 3's own behalf,*<br><br>**Plaintiffs,**<br><br>v.<br><br>**NEW KENSINGTON-ARNOLD SCHOOL DISTRICT,**<br><br>**Defendant.** | 2:12-cv-1319 |

## ORDER OF COURT

AND NOW, this 28th day of July, 2014, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED** and **DECREED** that the MOTION TO COMPEL AND FOR LEAVE TO CONDUCT ADDITIONAL DEPOSITIONS, PURSUANT TO F.R.C.P. RULES 30 AND 34 (ECF No. 37) filed by Defendant New Kensington-Arnold School District is **GRANTED IN PART** and **DENIED IN PART**, as follows:

(1) Counsel for Doe 2 and Doe 3 shall notify the Court of their intention to proceed in or withdrawal from this action **FORTHWITH** on or before August 4, 2014.

(2) Plaintiff(s) shall produce all content on any social networking site in which they have communicated about facts or information relating to the allegations set forth in the Complaint, any facts or defenses raised in the Answer, or other topics that are reasonably calculated to lead to the discovery of admissible evidence regarding their standing to bring this lawsuit on or before August 11, 2014; and

(3) Defendant may (re)-depose Plaintiff(s) regarding said social networking site content.

**IT IS FURTHER ORDERED** that parties shall complete all discovery on or before August 29, 2014 and that the post-discovery status conference scheduled for August 22, 2014 is hereby **RESCHEDULED** for Friday, September 12, 2014 at 2:30 p.m.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc:    Marcus B. Schneider
Email: marcschneider@steeleschneider.com
Amie A. Thompson
Email: AThompson@andrewsandprice.com
Anthony G. Sanchez
Email: asanchez@andrewsandprice.com